IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| PAUL LANAKILA CAMPOS, | ) | CIV. NO. 07-00253 HG-LEK |
| | ) | |
| Plaintiff, | ) | [CONSOLIDATED] |
| | ) | |
| vs. | ) | |
| | ) | ORDER DENYING MOTION TO ADD |
| COUNTY OF MAUI, et al., | ) | SUPPLEMENTAL EXHIBITS |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| PAUL CAMPOS, | ) | CIV. NO. 07-00487 HG-LEK |
| | ) | |
| Plaintiff, | ) | [CONSOLIDATED] |
| | ) | |
| vs. | ) | |
| | ) | |
| COUNTY OF MAUI, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING MOTION TO ADD SUPPLEMENTAL EXHIBITS**

Plaintiff moves, pursuant to Rules 7(b)(1) and (15(d)[1] of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and LR10.2 of the Local Rules for the United States District Court for the District of Hawaii, to add five exhibits to his

---

[1] Rule 15, which governs amended and supplemental pleadings was amended on December 1, 2007, and states in pertinent part:

> **(d)** *Supplemental Pleadings. On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.*

Complaint.  For the following reasons, the Motion is DENIED.

## **DISCUSSION**

Plaintiff's Motion is unclear.  From his citation to Rule 15 it appears that he seeks to amend his Complaint.  He does not, however, provide a proposed amended complaint with his motion, in contravention of LR10.3.[2]  He simply provides Exhibits A, A-1, B, C, and D, and states that he wishes the court to add these exhibits to his "civil action."  (Mot. 1.)  If Plaintiff is attempting to amend his Complaint to attach these exhibits to it, he is informed that he may not amend his Complaint piecemeal.  Any amended complaint filed must be complete within itself without reference to the prior complaint.  *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); Local Rule LR10.2.  Because Plaintiff may not amend his Complaint in the manner he is attempting to amend, his filing and exhibits of January 25, 2008, shall be stricken from the record.

Moreover, Plaintiff's supplemental exhibits do not clarify his claims, or add claims that occurred after May 16, 2007, the date Plaintiff filed this action, or add new or

---

[2] LR10.3 states:

> Any party filing or moving to file an amended pleading shall reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference, except with leave of court.

previously unidentified defendants to his Complaint.  As such, even if they were properly attached to a proposed amended complaint, the proposed amendment would be rejected as futile and untimely.  For example, Plaintiff's Exhibit A is a 2001 letter to Plaintiff from the Department of the Navy, that has no apparent relevance to the claims in Plaintiff's Complaint.  Similarly, Exhibit A-1, is a title page from a 2002 Department of Defense document, that also has no apparent relevance or connection to Plaintiff's claims.

Exhibit B is a redacted, incomplete copy of a May 2006 letter from a State of Hawaii Representative.  It appears that this letter was a response to Plaintiff's concerns with the Maui Police Department.  While the Maui Police Department is a defendant in this action, this letter does not add, clarify, or amend Plaintiff's claims against this Defendant.

Exhibit C is Plaintiff's affidavit, apparently filed in the Circuit Court of the Second Circuit, State of Hawaii ("state circuit court"), detailing the conditions of his confinement at Maui Community Correctional Center in March 2007.  The allegations in this affidavit do not relate to the allegations in either of Plaintiff's Complaints in this consolidated action, although they may relate to one of Plaintiff's other actions in this court.

Exhibit D is a proffer, made under seal in Plaintiff's state criminal action in the state circuit court. While this document may, at a future date, become relevant as evidence to the instant civil action, it adds nothing to his Complaint at this time.

Plaintiff misunderstands the purposes of "notice pleading" in the federal court. Under Fed. R. Civ. P. 8(d), a pleading should be "simple, concise and direct." A complaint is not the vehicle for introducing exhibits that support a party's claims or undercut a party's defenses. Exhibits are meant to be used in support of a properly filed motion or as evidence at trial. Plaintiff does not file this motion in support of or in opposition to a separately filed motion, such as a motion for summary judgment. Plaintiff simply seeks to add "Exhibits" to his Complaint that, at best, may constitute evidence in his action. Plaintiff's exhibits are unnecessary at this stage of his action, add nothing substantive to Plaintiff's Complaint, and are, in fact, confusing. As such, **the Motion is DENIED.**

Plaintiff's exhibits **ARE STRICKEN** because they have been submitted prematurely.  The Clerk shall return Plaintiff's exhibits.  Plaintiff may use such exhibits in the future when it is procedurally appropriate to do so.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, January 30, 2008.



 /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

Campos v. United States, Civ. No. 06-00253 HG-LEK; ORDER DENYING MOTION TO ADD SUPPLEMENTAL EXHIBITS; dmp\Non-disp Orders 08\Campos 07-253 LEK (dny mot add supp'l exhs)